IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANA BROWN, B45793, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   Case No. 23-cv-4041-DWD |
| LATOYA HUGHES, | ) |
| DANIEL MONTI, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| SALLY MILLAR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on pro se Plaintiff Dana Brown's Complaint (Doc. 1), which he originally filed in state court, but subsequently removed to this Court on December 27, 2023. In support of his removal, Plaintiff avers that he originally filed this action in Clinton County Circuit Court on June 7, 2023, but he has experienced "inordinate delays" that have rendered those proceedings useless. Plaintiff's underlying complaint concerns issues that arose at Centralia Correctional Center related to his need for medical care. While a suit of this nature could be presented in Federal Court at the outset, a Plaintiff cannot remove his own case to Federal Court after first filing in state court.

Under § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants" 28 U.S.C. § 1441 (emphasis added). While Plaintiff could have originally

brought his civil rights claim under § 1983 in federal court, he instead chose to pursue the suit in state court. Courts have continually recognized that when a plaintiff submits himself to the jurisdiction of state courts, he is not entitled to the right of removal, which is only conferred upon defendants. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106 (1941); *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 357 (7th Cir. 2017) (noting that "Congress has not seen fit to amend the general removal statute to allow such plaintiffs to remove.").

Accordingly, this action will now be **REMANDED** to state court. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2), and his Motion for Service of Process at government Expense (Doc. 3) are **DENIED** as **MOOT**. The filing fee in this case is **WAIVED**.

**IT IS SO ORDERED.**

Dated: January 5, 2024

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge